IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
ANTONIO PEARSON,                     :
        Plaintiff                    :
                v.                   :Case No. 3:09-cv-97-KRG-KAP
PRISON HEALTH SERVICE, et al.,       :
        Defendants                   :
```

Report and Recommendation

Recommendation

Plaintiff is incarcerated at S.C.I. Somerset, and has filed a complaint in federal court expressing his dissatisfaction with the medical care received there. Because plaintiff alleges no viable federal claims and there is no reason for this court to exercise pendent and supplementary jurisdiction under 28 U.S.C.§ 1367, the matter should be dismissed without prejudice to plaintiff pursuing any negligence claims in state court pursuant to 42 Pa.C.S.§ 5103(b). The motion to proceed in forma pauperis, docket no. 1, is granted only so that the Clerk may file the complaint. However, if plaintiff wishes to file objections to this Report and Recommendation he is advised that he must sign the attached Authorization under the Prison Litigation Reform Act authorizing the deduction of the full filing fee of $350.00 from his inmate account.

Report

Plaintiff names twenty-eight defendants in his eleven page complaint, some of whom appear only in the caption. Fed.R.Civ.P. 8(a)(2) requires the plaintiff to set forth in the complaint "a short and plain statement of the claim showing that

the pleader is entitled to relief." As the Supreme Court discussed in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), plaintiff cannot satisfy Rule 8 merely by reciting the legal elements of a cause of action, id. at 1965: a complaint must plead "enough **facts** to state a claim to relief that is plausible on its face." Id. at 1974. (my emphasis). As the Court of Appeals for the Third Circuit explained:

> Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. See Twombly, 127 S.Ct. at 1965 n. 3.

Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir.2008). Each defendant is entitled to fair notice of the part he or she is alleged to have played.

What plaintiff does describe states no federal claim against any defendant. Plaintiff at most alleges that some of the many medical personnel were discourteous and uncaring when he presented himself to the medical unit on April 10, 2007, with what he alleges turned out to be a tumor on his appendix. Plaintiff alleges that when a medical doctor saw him on April 11, 2007, plaintiff was sent to the Somerset Hospital, where surgery was performed. Plaintiff further alleges that medical malpractice was committed during the surgery, which required further surgery on April 18, 2007. Since that time, plaintiff alleges, defendants McGrath and Visinsky have "refused to have the plaintiff checked

2

to see if this growth [i.e. the tumor] started to grow back." Plaintiff makes it abundantly clear that he has received extensive medical treatment for his complaints from the Pennsylvania Department of Corrections, and that he is dissatisfied by the day-long waits he experienced before actions were taken on his complaints.

The Due Process Clause "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986)(inmate who alleged that he was injured when he slipped and fell on a pillow negligently left on stairway by a corrections officer stated no federal claim). The Eighth Amendment similarly requires deliberate indifference, and that is a more than a failure to do what a reasonable person should have done:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official **knows of and disregards** an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and **he must also draw the inference**.

Farmer v. Brennan, 511 U.S. 825, 837 (1994)(my emphasis). See also Johnson v. Attorney General, 187 Fed.Appx. 154, 157 (3d Cir.2006)(inmate whose appeal was dismissed because prison personnel failed to mail it on time had no federal claim because he failed to show defendants "intentionally or deliberately prevented his mail from being accurately dated.")

3

Plaintiff invokes the phrase "deliberately indifferent" but does not allege any facts that support an inference of deliberate indifference as that term is defined by the Supreme Court. Medical malpractice, even gross medical malpractice, does not amount to a violation of the Eighth Amendment. A corollary to this principle is that disagreement between a prisoner and prison officials over the necessity for or extent of medical treatment does not state a claim. If plaintiff alleges that his first surgery was poorly performed or that there should be additional follow-up care, the appropriate venue to litigate that is the Somerset Court of Common Pleas.

Pursuant to 28 U.S.C.§ 636(b)(1), plaintiff is given notice that he has ten days to serve and file written objections to this Report and Recommendation.

DATE: Apr. 22, 2009

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Antonio Pearson BL-0521
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON,            :
    Plaintiff          :
    v.                 :Case No. 3:09-cv-97-KRG-KAP
PRISON HEALTH SERVICE, et al., :
    Defendants         :

### AUTHORIZATION

I, Antonio Pearson, authorize the custodian of my inmate account to withdraw and pay to the Clerk an initial filing fee to be determined by the Court based on the deposits to or balance in my prison account, and, every time the balance in my account exceeds $10.00, to withdraw and make monthly payments to the Clerk of 20% of each preceding month's income to my account, **until the entire filing fee of $350.00 for the above captioned action is paid, whether or not my case is dismissed.**

DATE:_____         _____
                                     Antonio Pearson

I, Antonio Pearson, move to withdraw this action.

DATE:_____         _____
                                     Antonio Pearson