IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON,                          )
                                          )
              Plaintiff,                  )     Civil Action No. 3:09-cv-00097
                                          )
       v.                                 )
                                          )     Magistrate Judge Keith A. Pesto
DR. ROBERT MCGRATH, *et al.*,             )
                                          )
              Defendants.                 )
                                          )

**DR. MCGRATH'S BRIEF IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, Dr. McGrath, files the within Brief in Support of his Motion for Summary

Judgment:

## I.      STATEMENT OF FACTS

While Pearson alleges that he has been denied proper medical treatment in April 2007, he

was seen and monitored, including placement in the infirmary, referral to Somerset Hospital first

for an appendectomy and later for cauterization due to an issue that arose after the

appendectomy, and lab work. (SMF, paras. 8-27).[1]  Between March 6, 2007 and May 16, 2008,

Pearson's medical records contain 32 physician's orders and 72 progress notes.  (SMF, para. 3).

While Dr. McGrath examined Pearson in late March of a complaint, the crux of Pearson's

claims relate to care he received in April 2007 for abdominal pain and later a cut in his urethra.

(SMF, paras. 4-6, 8-27).  Dr. McGrath was only remotely involved in the events leading up to

Pearson's appendectomy on April 11, 2007.  (SMF, paras. 8-11).  The appendectomy was done

timely and appropriately and when Pearson returned on April 14, 2007 from Somerset Hospital,

---

[1] References to Dr. McGrath's Concise Statement of Undisputed Material Facts shall be: "(SMF,
para. ___)."

where the appendectomy was performed, with no restrictions Dr. McGrath returned Pearson to the block.  (SMF, paras. 12, 13).

In the late evening of April 15, 2007, the medical department was notified that Pearson was bleeding.  (SMF, para. 14).  Nursing contacted Dr. McGrath who issued a series of orders including transferring Pearson to the infirmary for observation.  (SMF, paras. 15-17, 20).  Early the next morning, Dr. McGrath examined Pearson as a follow up appointment for Pearson.  (SMF, paras. 18, 19).   Dr. McGrath examined Pearson again the next morning and observed gross bleeding so transferred Pearson to the emergency room for further treatment.  (SMF, para. 21).   Pearson's urethra was cauterized and he was back at SCI Somerset the same day. (SMF, paras. 22-24).  Dr. McGrath examined Pearson again on April 18, 2007, placed Pearson on the treatment line for the next day for removal of the Foley catheter and scheduled another follow up appointment for Pearson.  (SMF, paras. 25-26).

Pearson filed several grievances related to the medical care he received in April 2007. (SMF, paras. 32-56).  Of the ones that were appealed to final review, the Superintendent and the Bureau of Health Care Services found that the care provided to Pearson was reasonable and appropriate.   (SMF, paras. 48, 49, 51, 56).   The other appeals were dismissed as untimely. (SMF, paras. 36, 43).

## II.    ARGUMENT

### A.    Standard for Summary Judgment

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment:

> Shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"A fact is material if, under the substantive law of the case, it is outcome determinative." *Schoonejongen v. Curtiss-Wright Corp.*, 143 F.3d 120, 129 (3rd Cir. 1998), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Boyle v. County of Allegheny, Pennsylvania*, 139 F.3d 386, 393 (3rd Cir. 1998), *citing, Anderson*, *supra*. "Any dispute over a fact which is irrelevant or unnecessary will not preclude a grant of summary judgment." *Connors v. Fawn Mining Corp.*, 30 F.3d 483, 489 (3rd Cir. 1994), *citing, Anderson*, 477 U.S. at 248.

"A genuine issue is one where a reasonable jury, based on the evidence presented, could hold in the non-movant's favor with regard to that issue." *Schoonejongen*, 143 F.3d at 129. *See also, Clark v. Modern Group LTD*, 9 F.3d 321, 326 (3rd Cir. 1993), *citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (". . . disputes are genuine if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct.").

**B.    Dr. McGrath Is Entitled To Summary Judgment Because Pearson Has Failed To State A Claim Under The Eighth Amendment**

**1.    The Absence of Expert Testimony Precludes Pearson's Claims Going Forward**

The absence of any medical expert testimony to support Pearson's claims precludes his Eighth Amendment claims from reaching a jury because he cannot prove that Dr. McGrath caused any actual harm. *Boring v. Kozakiewicz*, 833 F.2d 468 (3d Cir. 1987), *cert. den.*, 485 U.S. 991 (1988) (pretrial detainees failed to state a claim of deliberate indifference regarding delays in elective treatment because the inmates were unable to present medical evidence that that the injuries were serious); *Auanno v. Glazman,* 316 Fed. Appx. 1994 (3d Cir. 2009) (medical

testimony needed in cases alleging deliberate indifference to assist fact-finder in understanding case and assessing quality of medical care).

The record shows that Pearson received extensive care and treatment and he has failed to proffer any expert testimony that any actions or inactions by Dr. McGrath caused or contributed to an actual injury.  In the absence of any expert testimony linking Dr. McGrath's care or any alleged delay in care to any actual injury, Pearson cannot meet his burden of proof.  *Crowley v. Hedgepeth*, 109 F.3d 500 (8th Cir. 1997) (citation omitted) (inmate who complains of delay in treatment must place medical evidence in the record to establish the detrimental effect of the delay in order to succeed); *Ford v. Mercer County Correctional Facility*, 171 Fed. Appx. 416, 421 (3d Cir. 2006) (affirming summary judgment where inmate failed to present expert evidence of causation); *Montgomery v. Pinchak*, 294 F.3d 492, 504 (3d Cir. 2002) (inmate required to present expert testimony to support Eighth Amendment claim of alleged deterioration of heart condition or immune system); *Boring v. Kozakiewicz*, 833 F.2d 468, 469 (3d Cir. 1987) (expert medical testimony required for pretrial detainee to proceed with § 1983 claim alleging failure to provide medical treatment for serious medical conditions).

### 2.    Pearson Has Failed To Establish That Dr. McGrath Acted With Deliberate Indifference

In order to state a claim in the context of medical treatment, Pearson must establish that he suffered from a "serious medical need" and that prison officials were "deliberately indifferent" to this need.  *Nicini v. Morra*, 212 F.3d 798 (3d Cir. 2000); *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L.ed.2d 251 (1976); *Wilson v. Seiter*, 501 U.S. 294, 111 S. Ct. 2321 (1991).  Both elements must be proven in order for Pearson to prevail.  *Monmouth County Corrections Inst. Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir. 1987).

The second element of deliberately indifferent is hard to satisfy as it requires Pearson to establish that Dr. McGrath knew of, yet disregarded, an excessive risk to Pearson's health or safety. *Farmer v. Brennan*, 511 U.S. 825 (1994) (a liable prison official must know of and then recklessly and deliberately disregard a sufficiently serious threat to inmate health and safety). The "deliberate indifference" must be "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105-106.

Claims of negligence or even medical malpractice do not rise to the level of deliberate indifference. *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999). Rather, it is "obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause..." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). There must be a culpable state of mind to constitute deliberate indifference. *Rouse*, 182 F.3d at 197.

Courts are not to intervene upon allegations of negligence, mistake or a difference in medical opinion and will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment...which remains a question of sound professional judgment." *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) quoting *Bowing v. Godwin,* 551 F.2d 44, 48 (4th Cir. 1977). Disagreements as to the appropriate choice of medical treatment do not give rise to a constitutional violation as an inmate's right to be free from cruel and unusual punishment does not include the right to receive the treatment of one's choice. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976) (disagreements over how to treat an illness do not implicate the Eighth Amendment; if plaintiff received some care, complaints directed at the wisdom or

quality of the medical care received from medical personnel will not state a violation, even if treatment was negligent).

To the extent Pearson claims any delay with obtaining treatment, he bears the burden of establishing that the purported delay led to further harm. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Pearson has been examined many times, undergone timely and repeated testing and been sent to Somerset Hospital for emergent treatment. There is no medically indicated need for any treatment other than what he received.

Dr. McGrath's course of treatment was medically acceptable and Pearson has come forward with no testimony or report from a physician indicating otherwise. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (to establish that difference of opinion amounted to deliberate indifference, prisoner must show that the course of treatment was medically unacceptable); *Buckley v. Correctional Medical Services, Inc.*, 125 Fed. Appx. 98 (9th Cir. 2005) (granting summary judgment where plaintiff failed to rebut testimony that surgery was elective and not a medical emergency).

Pearson underwent an appendectomy that unfortunately led to his urethra being injured. His treatment by the medical department related to his abdomen was appropriate. He was monitored and at no time denied any treatment. He saw nursing several times on April 10, 2007 and Dr. Ghatge in the middle of the night gave verbal orders to treat Pearson. The next morning he was promptly seen by a physician and sent to Somerset Hospital where the appendectomy was performed.

On the evening of April 15, 2007, when Dr. McGrath was notified of Pearson bleeding, he issued a series of orders including placing Pearson in the infirmary for observation and

requesting lab work be done first thing the next morning.     Dr. McGrath examined Pearson early the morning of April 16, 2007 and determined that the bleeding was secondary to a catheter from the appendectomy.  Lab work was done on April 16th and before it could be reported on April 18th, Dr. McGrath saw Pearson on April 17th and sent him to the emergency room at Somerset Hospital for further evaluation.

The record does not support and no jury could find the requisite culpable state of mind to establish deliberate indifference by Dr. McGrath.  As such, Pearson has failed to state a cause of action under 42 U.S.C. § 1983.

### III.     CONCLUSION

For all of the above reasons, Dr. McGrath respectfully requests that their Motion for Summary Judgment be granted and that all claims asserted, or attempted to be asserted, against him in this action be dismissed, with prejudice.  Additionally, Dr. McGrath incorporates herein by reference the arguments set forth by the remaining Department of Corrections' Defendants in their Motion for Summary Judgment and Brief in Support.

Respectfully submitted,

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP


*/s/ Kathryn M. Kenyon*
Kathryn M. Kenyon, Esquire
PA ID. #82262

One Oxford Centre
The Thirty-Eighth Floor
Pittsburgh, PA  15219
(412) 263-2000

Attorneys for Dr. McGrath

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was served this 1st day of June, 2011, upon the following non-ECF registered users in the manner described below:

via 1st class, U.S. Mail, postage prepaid on:

Antonio Pearson, #BL-0521
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1020

*/s/Kathryn M. Kenyon*
Kathryn M. Kenyon, Esquire