IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON,                       :
    Plaintiff                          :
    v.                                 :Case No. 3:09-cv-97-KRG-KAP
PRISON HEALTH SERVICE, et al.,         :
    Defendants                         :

### Memorandum Order and Report and Recommendation

In April 2009, Pearson filed a complaint (signed April 10, 2009) alleging that several corrections personnel and medical personnel at S.C.I. Somerset had provided him with inadequate medical care in April 2007.

One of the medical personnel named as a defendant, if that expression can be used, was a "John Doe No.-1 Doctor" whose actions on April 11 or 12, 2007 were described as: "[he] did the plaintiff's surgery never told the institution that the plaintiff had a Tumor/mass removed from his stomache, never called the plaintiff back for a check-up like he said since this tumor/mass had attached itself to the plaintiff's liver and would have killed the plaintiff's liver." Complaint, ¶5.

I screened the matter under 28 U.S.C.§ 1915A and recommended dismissal of the complaint without prejudice to proceeding in state court under 42 Pa.C.S.§ 5103, because what Pearson set out in his complaint was at best an attempted medical malpractice claim against some of the medical personnel. docket no. 2. The Court agreed and dismissed the complaint. docket no. 10.

Pearson appealed the dismissal of the complaint. In the Fall of 2009 a *per curiam* opinion of the Court of Appeals held that Pearson had stated deliberate indifference claims against Doctor McGrath, two Jane Doe nurses and one John Doe nurse, and unspecified corrections personnel who allegedly ordered Pearson to hide his medical condition, and also held that Pearson should have been allowed to amend his complaint as to the other defendants. The panel vacated the dismissal and remanded the matter. docket no. 19-1, slip op. in No. 09-2766 (3d Cir. October 16, 2009).

Pearson then sought several extensions of time to file an amended complaint, extensions that I granted; Pearson eventually filed his amended complaint, dated December 31, 2010, in January 2011. docket no. 35. Pearson added allegations that he had been mistreated at various correctional facilities since 2000, and named Kumuda Pradhan, M.D. as a defendant in place of Doctor John Doe No. 1. The allegations against Pradhan were at Amended Complaint ¶48:

Defendant Pradhan never told the plaintiff all that was removed/done to the plaintiff during the surgery nor did he inform the institution of all the things that were done to the plaintiff, never called the plaintiff back for a check-up and failed to send a post-operative report to the institution and failed to send discharge instructions informing the institution tat the plaintiff needed to be sent back or to contact them if the plaintiff is in any pain, vomiting, fever, chills, rigor, diarrhea or any other problems due to what was removed from the plaintiff, which defendant Pradhan knew he should have done and his failure to do this left the plaintiff in excruciating pain after the surgery and the plaintiff was denied medical treatment at the institution because they said the plaintiff only had an appendectomy.

Pearson implicitly alleged that it was Pradhan who had performed the appendectomy, "a Colectomy, a partial Omentectomy and removal of a prostate mass." Id. at ¶48.  In ¶62, in the section of the Amended Complaint entitled Claims for Relief, Pearson described Pradhan's actions as "doing certain surgical procedures without the plaintiff's permission or consent, not informing the plaintiff of all the medical procedures they did during the plaintiff's operation and failing to send post-operative reports with the plaintiff back to the institution or to do a follow-up." Despite Pearson using the term "deliberate indifference" to describe this general conduct, it was clear as in the original complaint that only state law claims were attempted against Pradhan, and Somerset Hospital, and for that matter against all but a handful of the other defendants.

In January 2011 I recommended that service be made on Kline, Rhodes, and Papuga, and that the balance of the claims be dismissed because Pearson again failed to state any viable federal claim and there was no reason to exercise supplementary jurisdiction under 28 U.S.C.§ 1367.  docket no. 36.  In March 2011 Pearson filed untimely objections at docket no. 47 that argued that he had stated a deliberate indifference claim against all the defendants and that if not he should be allowed to amend his complaint again.

Pretrial proceedings continued as to other defendants, leading eventually to my Report and Recommendation in August 2011 that summary judgment be granted in favor of Doctor McGrath at docket no. 63. I also recommended dismissal of the complaint against specifically named defendants because Pearson had not taken steps to effect service. In September 2011 the Court adopted my Report and Recommendation at docket no. 63 and also dismissed the complaint against the other defendants mentioned for lack of prosecution. Pearson appealed.

In April 2013 the Court of Appeals remanded in an opinion recounting the pretrial proceedings from the panel's point of view. docket no. 93-1, slip op. in No. 11-3897 (3d Cir. March 11, 2013.) One of the several things the opinion said was that Pearson should have been given more time to respond to McGrath's motion for summary judgment; another was that a deliberate indifference claim was also stated against defendant Thomas. On remand I sought counsel, who appeared for plaintiff in December 2013. docket no. 104, docket no. 108. I then directed counsel to serve the complaint on defendants Kline, Rhodes, Papuga, and Thomas and to file a response to McGrath's motion for summary judgment on or before February 6, 2014. docket no. 105. After a status conference with counsel on January 30, 2014, that deadline was extended by about two months to today. docket no. 114. No

4

suggestion was made that any other defendant remained in this case or needed to be served.

On Friday March 28, 2014, counsel for Pearson filed a "Motion For Allocation of Funds." Pearson seeks $139.11 to obtain copies of Pearson's medical records from April 2007 and $5000 to hire medical experts, because "Somerset Hospital and surgeon Kumuda Pradhan, MD are named as defendants to this litigation [and] to proceed with claims against these defendants, Mr. Pearson must obtain a review and Certificates of Merit by a qualified medical professional." Motion at ¶¶ 8, 9. The Motion goes on at ¶10 to list the several areas about which an expert considering a malpractice or informed consent claim would conduct a review.

Both parts of the Motion are denied. If the Somerset Hospital records have some relevance to the deliberate indifference claims at issue, Pearson does not say why.

As for the larger funding request, I have written several times about the impropriety of the Court being asked to fund litigation for one party and not the other. To repeat, the published precedential opinion in this circuit is clear that the court has no power to tilt the scales in favor of one litigant by finding or funding its expert witnesses. See Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987), cert. denied, 485 U.S. 991 (1988). See also Federal Rule of Evidence 706(a) and (c), giving the court power to appoint and pay an expert for the purpose

of assisting the court, but not to aid a party. What the court cannot do directly it cannot do by providing funding to counsel. The entanglement of the court in counsel's preparation of Pearson's case that would be necessary so that the court could ensure that it would not spend its entire fund for prisoner cases on one plaintiff's search for experts, and the alternative suggested in the Motion for the court to write one party a blank check, would destroy any perception of the court as an impartial tribunal.

To repeat what I have said before, if a court (using an incorrect interpretation of Rule 706 that if correct would violate the Rules Enabling Act) funded one party's hiring of experts and the experts gave both favorable and unfavorable opinions appointed counsel would be ethically bound to present the favorable testimony, and not the unfavorable. According to Fed.R.Civ.P. 26, any unfavorable expert opinion would not even be discoverable by the opposing party in the absence of exceptional circumstances. By funding expert witnesses where the express purpose is expressly to aid one party the court would not be enlightening the court or jury as Rule 706 contemplates, but promoting a one-sided presentation. That is precisely what Rule 706 was designed to remedy. To repeat what I have said before, what is even more perverse is that this would be a benefit only available to the class of litigants that has uniquely demonstrated to Congress that it files an undue amount of frivolous and meritless lawsuits.

Even if those factors were not present, the Motion's assumptions that Somerset Hospital and Dr. Pradhan remain in this litigation, do so for state law claims, and, despite Pearson's failure even to mention them until today Pearson should receive funding for expert witnesses to build state law claims against them before they are even served, all deserve comment.

Due to the Court of Appeals (and Pearson's and my) failure to individually discuss Dr. Pradhan or the Somerset Hospital, I acknowledge that arguments could be made both for and against the proposition that my recommendation that any claim against these defendants (and other defendants not already served) be dismissed has not been finally adopted. Rather than trace the history of this matter yet again, it would be simpler to get everyone on the same procedural page. I therefore restate my prior recommendations that the amended complaint be dismissed for failure to state a claim (without prejudice to proceeding in the state court on any state law claim) as to all defendants except for McGrath, Thomas, Papuga, Kline and Rhodes.

Pursuant to 28 U.S.C.§ 636(b)(1), Pearson is given notice that he has fourteen days to file written objections to that recommendation.

Within the same time Pearson shall file any appeal from my denial of his Motion. If any other party wishes to weigh in on

any appeal from the denial of the Motion, they may do so within fourteen days after any appeal by Pearson.

DATE: 31 March 2014

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF