IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON,                        :
    Plaintiff                       :
    v.                              :Case No. 3:09-cv-97-KRG-KAP
PRISON HEALTH SERVICE, et al.,          :
    Defendants                      :

### Memorandum

Let me correct misleading assertions in plaintiff Pearson's docket no. 118, the appeal from and objections to my Order, Report and Recommendation at docket no. 117. Contrary to Pearson's docket no. 118 at Part I, there is no "scheduling order entered by the Court" that contemplates Pearson filing a second amended complaint, either by May 30, 2014, or ever. Pearson did not allege viable claims in his complaint and he did not allege viable claims in his amended complaint against anyone other than McGrath, Papuga, Rhodes, Kline, and Thomas. The Court has not finally adopted my recommendation to that effect, and that was the point of my Report and Recommendation at docket no. 117. It is the opposite of accurate to argue that allowing Pearson a do-over seven years after the events complained of on the basis that allowing "Pearson's claim against each defendant to run its traditional course" would "not require a significant imposition of time or resources" because of an action the court has not taken.

Pearson can argue (and does, with respect to defendant Visinsky) that the amended complaint at docket no. 35, filed in 2011 after more than a year of requested extensions, does in fact

state a claim for deliberate indifference against other defendants than the five mentioned above. (Pearson himself made such an argument *pro se* in 2011 at docket no. 47 and docket no. 48, in untimely objections to my Report and Recommendation at docket no. 36.) It is not open to Pearson to suggest that he does not have to address that issue because he can file yet another version of his complaint attempting state law claims.

Second, contrary to the drift of Pearson's docket no. 118 at Part III, the relevant issue under Rule 706 (and the one I addressed) is not the assessment of cost but the purpose for which an expert can legitimately be appointed under Rule 706 in the first place. The cases cited by Pearson are either irrelevant or of no precedential value (or both) on that point.

More importantly, and let me repeat this since Pearson keeps using phrases like "actionable malpractice claims," there are no state law causes of action in this case and there should be none. I so recommended from the beginning, the circuit's first *per curiam* opinion addressed only the question of deliberate indifference *vel non*, and while there is a federal interest in remedying violations of the Eighth Amendment, there is no federal interest in providing Pearson a forum for state law claims.

DATE: April 15, 2014

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF