IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON,                         :
            Plaintiff                    :
            v.                           :Case No. 3:09-cv-97-KRG-KAP
PRISON HEALTH SERVICE, et al.,           :
            Defendants                   :

### Memorandum Order

This matter is before Magistrate Judge Keith A. Pesto for
pretrial proceedings.   Appointed counsel for plaintiff Pearson
filed a Motion for Allocation of Funds at docket no. 115.   The
Magistrate Judge denied that motion at docket no. 117, and
plaintiff filed a timely appeal at docket no. 118.

At docket no. 117, the Magistrate Judge also recommended
that with the exception of defendants McGrath, Kline, Rhodes,
Papuga, and Thomas the complaint be dismissed for failure to state
any federal claim.   Pearson filed objections at docket no. 118.
The objections make two procedural arguments: 1) that there has
been no "Proper 28 U.S.C.§ 1915(e)(2)(B) Review;" and 2) that
Pearson should be allowed to amend his complaint yet again "as he
could likely present meritorious deliberate indifference or medical
negligence claims against the twenty-five Defendants that the
Magistrate Judge recommends be dismissed," and one substantive
argument: 3) that as to defendant Visinsky the amended complaint
states a claim for deliberate indifference.

The appeal from the denial of proposed court funding of
an expert witness for plaintiff Pearson is denied.   The Magistrate

Judge's order is neither clearly erroneous nor contrary to law. See Fed.R.Civ.P. 72(a) and 28 U.S.C.§ 636(b)(1).

As for the recommendation that the amended complaint be dismissed in part, the assertion that there has not been a proper review of the amended complaint is wrong. The Report and Recommendation at docket no. 117 referred back to the Report and Recommendation (although it did not cite it by number) at docket no. 36, filed three years earlier. That Report and Recommendation contained an extensive review of the amended complaint, and Pearson even filed objections to it (albeit untimely ones) at docket no. 47.

Even if there had been no analysis by a lower court or Magistrate Judge it would be wrong for a plaintiff to claim to a reviewing court that a lower court's ruling or a Magistrate Judge's recommendation that a complaint is inadequate should simply be disregarded because it is "likely" that yet another opportunity to amend would cure the inadequacy. That is especially true when plaintiff did not even submit a proposed amended complaint.

It is also improper to argue, as Pearson does at docket no. 117, that the allegations against one defendant are a basis for claiming that a Report and Recommendation erred in its analysis of claims attempted against two score other defendants. That is a textbook example of a waiver of any argument that the Reports and

2

Recommendations erred in their analysis of claims against any defendant other than Visinsky.

As for the claim against defendant Visinsky, the amended complaint is the sort of threadbare recital of the elements of a cause of action supported by conclusory statements that the Supreme Court said was inadequate in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The amended complaint asserts that defendant Visinsky is an administrator ("CHCA"), not a treating physician. Because of the lack of allegations of fact that permit the inference that Visinsky knew and was deliberately indifferent to the inadequacy of treatment being provided by the health care personnel under his direction, plaintiff is doubly removed from alleging that Visinsky had the mental state necessary for liability. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004).

After de novo review of the amended complaint, the Reports and Recommendations, and the plaintiff's timely objections at docket no. 118 to the Reports and Recommendations, the amended complaint is dismissed as to all defendants except defendants McGrath, Kline, Rhodes, Papuga, and Thomas. The Reports and Recommendations, as supplemented by this Memorandum Order, are adopted as the opinion of the court. Pearson has failed, despite repeated extensions of time, to state any federal claims against any other defendant and there is no reason to exercise supplementary jurisdiction under 28 U.S.C.§ 1367 over any further

3

attempts by Pearson to allege state law claims against any defendant. No further amendment of the complaint is allowed. The motion at docket no. 120 is denied.

The matter remains with the Magistrate Judge for pretrial proceedings, including the setting of the final pretrial schedule.

BY THE COURT:

DATE: June 23, 2014

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice to counsel of record by ECF

4