IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:09-cv-97-KRG |
| | ) |
| PRISON HEALTH SERVICE, ET AL., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ANTONIO PEARSON'S MOTIONS IN LIMINE**

Plaintiff, Antonio Pearson ("Mr. Pearson"), by and through counsel, hereby submits this Memorandum of Law in Support of Motions in Limine.

**I.   BRIEF FACTS**

On April 10, 2007, Mr. Pearson was an inmate at State Correctional Institution – Somerset ("SCI-Somerset") when he began to suffer pain in his stomach caused by what was later discovered to be a gangrenous omentum and an inflamed appendix, both requiring surgical removal. After being seen by two nurses at 1:00 p.m. and 5:00 p.m., Mr. Pearson alerted the block officer that he was in excruciating pain and needed medical attention at approximately 11:00 p.m. The officer informed Mr. Pearson that Defendant David Rhodes ("Nurse Rhodes") indicated that he would not come to see Pearson because he had already been seen twice that day and was on the next day's sick call.

Mr. Pearson continued to scream in pain until 2:30 a.m. on April 11, 2007, when the officer again called Nurse Rhodes. Nurse Rhodes came to Mr. Pearson's cell with a wheelchair, but he told Mr. Pearson he would not be taken to the medical unit unless Mr. Pearson placed himself in

the wheelchair. Therefore, Mr. Pearson was forced to crawl on the floor from his bunk to the wheelchair, causing his pain to significantly worsen.

While at the medical unit, Nurse Rhodes offered Mr. Pearson no relief or medication, despite the fact that Nurse Rhodes noted that Mr. Pearson had signs of appendicitis. Mr. Pearson was simply left to continue yelling and screaming into the night due to the pain. At 10:00 a.m. on April 11, 2007, Dr. Prakash P. Ghatge finally sent Mr. Pearson to the emergency room at Somerset Hospital where he underwent the aforementioned surgery.

## II.     MOTIONS IN LIMINE - GENERAL

The purpose of a motion in limine is to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions. *Bradley v. Pgh. Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

## III.    ARGUMENT

### A.    Motion to Exclude Evidence of Prior Arrests, Convictions, and Bad Acts.

Mr. Pearson moves to exclude any reference to and/or admission of any evidence related to prior arrests, convictions, and bad acts, including the arrest and conviction for which he is currently incarcerated. Evidence of the foregoing items is entirely irrelevant in this case. F.R.E. 401-02. Furthermore, even if it was deemed relevant, such evidence should be excluded because its purported probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. F.R.E. 403. Finally, the evidence does not meet any of the requirements for admissibility pursuant to Federal Rules of Evidence 404 (character evidence), 608 (character for truthfulness), and/or 609 (criminal conviction). *See Park v. Veasie*, 2012 WL 3064258, *3 (M.D. Pa. 2012) (excluding evidence of plaintiff's prior arrests in Section 1983 case).

Accordingly, Mr. Pearson respectfully requests that this Honorable Court exclude any reference to and/or admission of any evidence related to prior arrests, convictions, and bad acts, including the arrest and conviction for which he is currently incarcerated.

### B. Motion to Exclude Evidence of Complaints and Lawsuits Related to Mistreatment or Conditions Not Involving Nurse Rhodes.

Mr. Pearson moves to exclude any reference to and/or admission of any evidence related to complaints he has made and lawsuits he has filed for mistreatment or in relation to conditions of his imprisonment that did not involve Nurse Rhodes. Mr. Pearson has filed complaints and lawsuits related to his treatment and the nature of his conditions while incarcerated. To the extent that these complaints do not relate to or involve Nurse Rhodes, they are entirely irrelevant and inadmissible. F.R.E. 401-02. Furthermore, even if deemed relevant, such evidence should be excluded because its purported probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury. F.R.E. 403.

Accordingly, Mr. Pearson respectfully requests that this Honorable Court exclude any reference to and/or admission of any evidence related to complaints he has made and lawsuits he has filed for mistreatment or in relation to conditions of his imprisonment that did not involve Nurse Rhodes.

### C. Motion to Exclude Evidence of Dismissal of Parties and Claims.

Mr. Pearson moves to exclude any reference to and/or admission of any evidence of the dismissal of parties and claims in this case. Evidence of the dismissal of parties and claims in this case is entirely irrelevant. F.R.E. 401-02. Furthermore, the evidence carries a significant risk of unfair prejudice, confusing the issues, misleading the jury, unduly delay, and waste of time. F.R.E. 403; *Moore v. Bannon*, 2012 WL 2154274, *7 (E.D. Mich. 2012). Federal District Courts have held that it is common practice to shield claims and issues dismissed on summary judgment and

other pretrial rulings from the jury. *Id.* Moreover, Mr. Pearson filed this lawsuit in good faith, alleging different claims pursuant to the Federal Rules of Civil Procedure. His filing of multiple or alternative claims is a manifestation of proper pleading procedures under Federal Rule of Civil Procedure 8, and the fact that some claims and defendants were dismissed pursuant to motions for summary judgment is a "normal occurrence that can be shielded from the jury." *Id.*

Accordingly, Mr. Pearson respectfully requests that this Honorable Court exclude any reference to and/or admission of any evidence of the dismissal of parties and claims in this case.

## IV.   CONCLUSION

For the foregoing reasons, Defendant, Antonio Pearson, respectfully requests that this Honorable Court grant his Motions in Limine and enter the proposed Order attached hereto.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CLARK HILL PLC |
| Dated: September 4, 2017 | /s/*Brandon J. Verdream* |
|  | Robert J. Ridge |
|  | Pa. I.D. No. 58651 |
|  | rridge@clarkhill.com |
|  | Brandon J. Verdream |
|  | Pa. I.D. No. 204162 |
|  | bverdream@clarkhill.com |
|  |  |
|  | Firm I.D. No. 282 |
|  | One Oxford Center |
|  | 301 Grant Street, 14th Floor |
|  | Pittsburgh, PA 15219 |
|  | Phone:  412-394-2332 |
|  | Fax:     412-394-2555 |
|  |  |
|  | *Attorneys for Antonio Pearson, Plaintiff* |

- 5 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Memorandum of Law in Support of Plaintiff Antonio Pearson's Motions in Limine** has been served upon all counsel of record this 4th day of September, 2017, by the Court's CM/ECF E-Filing Notification System.

By: /s/*Brandon J. Verdream*